Before we begin, I would like to say welcome and introduce my new colleague, Judge Dunlap. We're very glad to have him on the court. On behalf of Judge Lynch and I, we look forward to working with you for many years to come. Thank you. The first case this morning is 24-1275, the United States v. Rayvon Deschambault. Appellant's counsel, please. Good morning. May it please the court, Aaron Opperman on behalf of the appellant, may I reserve two minutes for rebuttal? You may. Thank you. I'd like to start with the jury instruction issue. The district court abused its discretion when it denied the defendant's request for an instruction stating that the jury may only find the defendant guilty if they found that his purpose in producing a video was a dominant motive in engaging in the sexual activity. I agree with the government's assertion that the request with respect to the sole purpose was waived, appropriately so. However, the defendant preserved his objection with respect to his request that the purpose must have been dominant, and the denial of that request was error. It was prejudicial error. Counsel, what in the language of the statute which merely says for the purpose of producing supports your argument that it has to be a dominant purpose? Congress could easily have inserted the word dominant and chose not to. Certainly. And the support within the statute is Congress's choice to use the word the. So I follow that.  I would think that would support the argument that you just said you've given up, which is sole. I mean, I understand if you say the means the only. But once you move off of that, why does the mean dominant any more than significant? So I think the use of the word sole would actually give rise to the concern seeming to drive the district court's decision in this case, which is erroneously excluding a quote unquote wide swath of activity that Congress sought to make illegal. I think that the concern that there is often more than one purpose is valid. However, the language both analyzing the jury instruction as to this particular statute and language analyzing the same phrase for the purpose of in cases discussing jury instructions in the man in Man Act prosecutions indicate that there is a concern about the need for hierarchy with respect to a defendant's purpose. That a purpose along with other purposes or even a significant purpose along with other significant purposes is insufficient. Why wouldn't that go to what this statute is about? So the Man Act is about the travel. This is not about the travel.  This is about making an image that shouldn't be made. And so if that is a significant purpose of what you're doing, I mean, if that doesn't help us really because once you're off of sole, you just have to decide is it dominant, is it significant. Once you're at that question, it would seem to me the purpose here would make you want to criminalize if your significant purpose is making the video. So I think that though certainly the Man Act criminalizes different behavior in the general subject matter of sexual exploitation, it does use the exact same phrase we're discussing here. And so I think case law analyzing what that phrase means in the context of jury instructions is instructive. You just told me the reason you get to that is the purpose. The way you're going to slice it between dominant and significant has something to do with purpose. So tell me why the purpose of this statute doesn't support significant. So I think three things. One, based on the dictionary definition of the terms dominant and significant, those terms are significant. The dictionary definition is for the purpose of we would look to the dictionary. Why would we look to the dictionary for two words that are not in the statute? Well, it's of course necessary to extrapolate the statute into a jury instruction. Do you agree significant means important? I would agree that significant means what the dictionary says it means, which is noteworthy.  I would not agree that significant necessarily means important to a layperson. There was no explanation from the district court what significant... The statute at issue contains a 15-year mandatory minimum penalty. That is a serious mandatory minimum prison sentence. And that indicates that Congress intended for this to cover the knowing production of child pornography. In order to determine when that takes place, a jury instruction needs to instruct a jury that that needed to be the... And I'll use the word that numerous other circuits, including this own, albeit in discussion of Mann Act jury instructions, discussed that it needs to be a predominant purpose. Of the circuits, the other circuits that have discussed this particular jury instruction, many of them have... But in the Mann Act context, the idea, at least as I understand the case, is you could be traveling for a bunch of different reasons. And then if you traveled home and one of them was related to prostitution, that was the concern. And it just doesn't map on well to the problem here, which is engaging in sexual conduct and then deciding to record it, which has all sorts of documented psychological and physical harms to children. And so you would think here Congress would use a broader conception of purpose than in the Mann Act. I don't agree. And I don't agree, again, for the reason that Congress set forth a 15-year mandatory prison sentence and that there are many other statutes that cover the behavior... But doesn't the 15-year mandatory minimum just go to the point I just made, which is this is such a thing that we want to prevent, that you create such a high penalty to deter, and so you just don't do it. And so purpose, significant, dominant, whatever, the point of the 15 years is not to do it because of the significant harm it causes. And so that's the deterrent value, which goes into Congress really cared about this and wanted to be really strict about it. Well, but the purpose does need to be expanded upon. It does need to be explained to the jury. And as the district court noted, there is no specific guidance from this court on how to do that. So searching to the other court's instructions, searching to this court's instructions in cases also containing the phrase for the purpose suggests that the instruction in this case was insufficient and that prejudice resulted. Was there an objection to the jury instruction prior to deliberation? There was, and I believe that's contained on page 613 of the record appendix, where the defense counsel objects to a number of things, including the instruction on intent, which he had previously characterized as kind of one and the same as the purpose, claiming the purpose is the only issue in this case. Perhaps I have the sequencing wrong, but I thought defense counsel agreed to the instruction that the district court ended up giving after there was a colloquy. He did not. And I do understand why the court might think that and why the government argued that. But there was a discussion on the defendant's request for an instruction that the dominant purpose had to be to produce the video. That was clearly denied. Thereafter, there was a further discussion on refinement of the instruction. The court said, this is what I'm going to read. And that's contained at the record appendix 556 through around 558. They go back and forth. The court initially proposes instructing that a significant purpose. Defense counsel comes back and urges the court to change that to at least a significant purpose. There's some arguing about the arrangement of the sentences in the jury instruction in relation to each other. Defendant asks the court to take out the phrase, this means. And then eventually the district court reads the reworked instruction and the defendant says, perfect, thank you. So that comment was with respect to the reworking of the instruction the court indicated he would give after unequivocally denying the defendant's request. So I do not think that this issue is waived in the record. And the answer to Judge Dunlap's question was, after the instruction is given, he stands up and still objects to it? Correct. And I think that's clear by the fact that defense counsel filed a motion for a new trial after the conviction. Again, raising the issue of abusive discretion in instructing the jury, failing to instruct the jury that it wasn't a dominant purpose. When he states the objection, does he state specifically what he is objecting to? He does. He refers to the instruction on the intent in the case. If I may move on, I would like to touch on the Fourth Amendment issue as much as possible. The defendant raised the issues of particularity in the search warrant, whether or not there was sufficient probable cause to search the entire phone, and whether the scope of the actual search was exceeded. The district court denied the various motions, memos, motions to reconsider, on all of those grounds, holding that the warrant was particular enough. He also denied that there was probable cause to search the entire phone, and that the scope wasn't exceeded, seemingly working backwards, saying that it wasn't exceeded, because he eventually learned that the videos contained drug evidence and evidence of ownership. This was a misreading of the Fourth Amendment as it currently applies to cell phone searches. It was in contradiction of Riley, who... What's your limiting principle about where you can search? I would quote Professor LaFave in his search and seizure treatise and say the limiting principle is the probable cause upon which the warrant is based. And here, there was no probable cause that evidence would be found in the phone, with the exception of evidence regarding communication, which could have potentially been found in a call log, text message history. But there was certainly probable cause that he was a drug dealer. I would say there was probable cause that he was... He had been involved in drug sales. So there was, in the search warrant affidavit, there was information that he engaged in one sale, seemingly arranged by contacting a CI on the phone of an unknown method. It wasn't stated whether it was a call, text, or something else. And there was evidence that drugs were found on his co-defendant in the car and in his co-defendant's purse in his house. So there was a minimal amount, and I would not dispute that there was probable cause generally to charge him with selling drugs. As far as whether there was probable cause... With drug trafficking, how can you limit this to a specific area of the phone? I think that the import of Riley and the characteristics of cell phones generally require that. Well, in Riley, there was no probable cause. It's just a phone that's picked up as an arrest. But here, the phone is used in relation to the drug, setting up the drug deal. And now you have probable cause that this person's involved in drug sales, and you're looking for evidence of his drug-dealing activity, for which you have probable cause, which connects to a phone as a known tool of the drug trade. Correct. But probable cause that communications occurred doesn't necessarily give probable cause to search a phone for writings created on a word processing software, records of online activity, search engine history, calendar, diary entries, videos. There was no allegation that he engaged in a FaceTime video, for example, where... I don't think those are saved anyways, but the probable cause should have been limited by the probable... The scope should have been limited by the probable cause that existed. Thank you, Counsel. Good morning, Your Honors. May it please the Court. Brian Klein, Board for the United States. Your Honors, I'm happy to address the issues in the manner that opposing counsel addressed them, or... That'd be fine. Okay. So with respect to the jury instruction, the government has pressed a waiver argument in this case. I don't think that opposing counsel's argument has rebutted that or shown that to be not... Do you disagree that there was an objection after the jury instruction was provided and before deliberation? I agree that there was an objection. I don't agree that it was specific enough to resurrect the original request for the instruction that it be a sole or dominating purpose. I believe that that argument was affirmatively waived earlier when defense counsel said, perfect, thank you very much. What she described, which at least seems plausible to me, is there were a lot of details going on, and so there's discussion back and forth about the details. And when the details are satisfactory, that's sort of what they're fighting about. He says, perfect, okay, fine, but we have to interpret that to mean perfect as to everything. But then he stands up at the end after and still is objecting to the intent. So what would that objection have been about? Well, he doesn't... I don't believe in that objection, and I apologize. I don't have that in front of me. He says, subject to my earlier objection to the court's instruction. He doesn't refer back to that, to his initial objection to the instruction. And if the court reads the colloquy between the parties and the court in sort of getting to this modified instruction, at least a significant purpose, you'll see that defense counsel says something to the effect of, sole, I shouldn't even request it. That was never going to happen. And dominant is out. And then the court said there was this debate about it being asignificant or at least asignificant. And I think defense counsel says something to the effect of dominant and at least asignificant are pretty similar, and so I'm okay with that. The court can read the colloquy and come to its own conclusion about that. But even if the issue is... How about the merits? Yes, even if the court were to address the merits of the jury instruction... So can I frame this the way I'm thinking of it? Of course. At least a significant purpose is a generous standard to the defendant in light of the actual language of the defendant. There is no language in the statute. First Circuit law has never determined for the purpose of producing what the standard is. Some circuits have attempted to beef up that language. I'm not certain that that actually fits with the text of it. It could be in this case if even a defendant-friendly, at least a significant purpose, passes muster, but that still doesn't answer the question of guidance from the First Circuit in future prosecutions. There is a knowing specific intent. There is a for the purpose of. So your sister made a lot out of the use of similar language in the Mann Act, but for the purpose of must be used in any number of criminal statutes. Has the government actually looked at those other statutes and seen how they are interpreted? Well, I agree with the general premise, Judge Lynch, of your question, which is I think for this case the court's instruction that it had to be at least a significant purpose was generous to the defendant. And I think that is why defense counsel was happy with that and said, perfect, thank you very much. The case law does not, certainly in this circuit and other circuits, does not require the instruction that the defendant requested. Even the best case, the best cases that the appellant cites, including the- I'm not interested in their best cases. I'm interested in whether the government has done the examination that I just asked you about. I'm sorry, Your Honor, what examination is that? The text for the purpose of and other criminal statutes, specific intent statutes and how it has been interpreted. So the government has done that to an extent. And I don't think when the statute says for the purpose of, that that means that it has to be the sole purpose of, as it's been determined, as the cases have examined- What are the other statutes which you think are analogous that one should look to? Well, I don't cite any other statutes that I think the court should look to because I think the analysis that the court should do in this case is look at how other courts have instructed, how other circuits have dealt with the issue of this instruction in this case. And for that, I would say the Fourth Circuit in McAuley said the language, the purpose requires the filming to be at least a significant purpose in the sexual conduct itself, not merely incidental. Yes, and what I'm suggesting to you is that may well not be correct. And it would be quite odd to have the government urge such a standard upon us. Well, Your Honor, let me be clear. I'm not urging that to be necessarily the standard going forward. I think it would be wise for the First Circuit to have a pattern instruction. I think what I'm getting is you are prepared to defend this precise instruction but not to ask the court for further clarification about jury instructions. I'd be happy for the court to clarify. But that raises the question that I think Judge Alitch is getting at, which is the important one. If that could be too high a standard, and if we wrote an opinion that said that's correct, then that becomes the standard. And I guess we're trying to figure out do you want us to do that? Do you think that's right? Or do you think we should say something? I mean, one is you just punt and say, well, that may be too much, but it's at least good enough, but that doesn't help anybody. The helping opinion is the standard is this. Do you think it should be less than for at least a significant purpose? I guess the way I approach this is when a jury instruction, error in a jury instruction is raised on appeal, the court has to determine whether there was an abuse of discretion by the lower court in asking that question. I don't think the court has to say what the standard is going forward, but at the very least what the court adopted in this case more than meets the standard, and maybe more than was necessary, but certainly wasn't something that misled the jury. The danger is that the jury is going to decide guilt or innocence based on the standard that's lower for the defendant than what is required. That's certainly not what we have here. We have, as the court has indicated, maybe a higher standard than what the government needed to meet. The court can say, you know. All right. I think you've answered the question. Thank you, Your Honor. But, again, if you look at the best cases that the appellant cites to this court, they say essentially what the court gave in this case, that at least a significant purpose is enough. What we want the jury to understand is this can't be just merely incidental to what the defendant. Is the only judge to, so the dissent in the D.C. Circuit case, so it starts with a T that I forget the rest of, that one took the position it should be the dominant purpose. Has any other judge taken that view? No, Your Honor. And some of the cases that appellant cites in the jury instruction context kind of glom on to language that courts use in a sufficiency of the evidence case where some courts have said it needs to be one of the dominating purposes of the defendant's actions. They say those things kind of loose language in the context of sufficiency of the evidence. They don't, there's no case in the jury instruction context that says the court must instruct that it has to be the dominating purpose or one of the dominating purposes. And so I know that the appellant did not address the sufficiency of the evidence, which was their lead issue in the brief. I do think that the jury instruction issue naturally kind of flows into that and I just want to briefly touch on that, that because the jury was properly instructed on the standard. Why don't we bypass that and get to her fourth amendment argument? Very well. Yes. So I think there are a number of ways the court can resolve the suppression issue. I think the most straightforward manner would be that the sexually explicit videos in this case were discovered in the course of a lawful search of the phone pursuant to a warrant, to search the phone for evidence of drug trafficking, which was a position that was largely conceded by the defendant in the district court. The search warrant affidavit, I do want to make clear. What do we need to do with, with regard to particularity in the context of a cell phone? That's clearly one of the defendant's significant concerns here. What's the limiting principle? Do you just get to look at the entire phone as long as the drug trafficking case, what's your position on that? I think that most courts that have addressed this have said, no court has said in the context of a warrant for drug trafficking, that the government needs to limit the areas or no ex ante, which parts of the phone that they're looking for, that that's not a workable principle because evidence of drug, drug trafficking can be found anywhere on the phone. Certainly in the areas in which the, the law enforcement agent identified in this case, which is you know, text messages, communications, phone photos, videos. So I think the limiting principle is the crime under investigation. That's what. So for, if you had a, if you had a murder case, do you think you can, if you have probable cause that somebody committed murder, do you get to look at the phone in its entirety? Murder case might, might well come out differently. I think there is a case that appellant sites that is a murder case where the court found that law enforcement might be more limited in what they're searching, but. Well, her point, I guess, let's just take her point as she presents it, which is, this is a, a limited drug investigation. In the sense you sort of have a phone used to make a phone call. I think what she's trying to say is you don't have some backstory of a large drug trafficking organization or even a long history of drug trafficking. So what do you know that suggests there are videos or other things in other spots of the phone? I mean, I think that she, that's what she's trying to, to drill down on. And so how would you say she's wrong about that? Well, I think that she's wrong about the, what the warrant sets forth in this case. I think it, I don't know what qualifies as a large, you know, drug trafficking operation, but the, you know. Oh, surely someone from the U.S. Attorney's Office knows the difference between a large drug trafficking operation and a single sale, which leads to a warrant. Well, I, there's more, much more than just a single sale in this case, Your Honor. The, the affidavit sets forth that Mr. DeChambeau had a prior conviction for drug trafficking, that he had an open warrant for drug trafficking, that he communicated with a CI to arrange to sell drugs to the CI. He had the, there's a traffic stop in which drugs are found right under Mr. DeChambeau's passenger seat that indicated drug distribution. So I think all of that is more than ample to demonstrate that there was suspicion of a drug trafficking operation in this case. And, you know, in terms of searching, the courts have said that in terms of searching things like photos and videos, there are, you know, trophy pictures and videos that the drug dealers often take. It's reasonable for officers to search those areas of the phone. And even if. So I mean, I guess that's my question. So that's, I follow that. And so does that mean that for every, take the one sale drug situation Judge Lynch just posited, does that logic apply? Because once you apply that logic, it's hard to find any stopping principle to you can search anywhere on the phone that would have either pictures, videos, or communications. Well, I think the distinction is if, and this was the, the finding of the Morton court, the fifth circuit decision that opposing counsel sites, which has now been vacated. And the en banc court found that the good faith exception applied, but that was a possession only case. So I think if it's drug trafficking, I don't think, I think the, the warrant in this case was off, you know, certainly authorized the search of the phone in this case. Thank you. Thank you. You have two minutes or above. Thank you. Just to respond to a few points and questions. With respect to waiver of the jury instruction issue at the point where the defense counsel objects to the instructions, he does elaborate, says state for the reasons discussed in the charge conference, and then lists those reasons, including the intent issue. The instruction in this case should be, I'll answer the question this panel asked to the government. It should be that the purpose had to be a dominant purpose and not merely incidental. The government notes that at least a significant purpose is generous. However, the courts that use the, at least the significant purpose language, including McCauley out of the fourth circuit, those instructions included an additional clause that the purpose had to be at least a significant, excuse me, at least a significant purpose rather than just incidental. Other than Judge Williams in dissent, has anyone, has any court adopted the dominant purpose? Yes, it has. The 11th circuit pattern instruction actually uses the phrase the dominant purpose. The second circuit discusses that it should be one of the dominant motives. That's U.S. v. Suroy, 87 F3D. What does that mean, one of the dominant motives? I mean, this becomes kind of an abusive, right? So at some point this becomes, like the de novo is you just got it legally wrong, but the abuse of discretion is did you word it right? And now you're saying, well, one of the dominant purposes, at least a significant purpose. This becomes kind of a word salad at some point where any of those are okay because they're getting the basic idea across, which is importance. And I think getting the basic idea across is all that's necessary, and I don't think it happened in this case. The eighth circuit in U.S. v. 48 also uses one of the dominant purposes. Dominant indicates a hierarchy in a way that's significant to us. Thank you. Thank you. Thank you, Counsel.